HOLLAND & KNIGHT LLP
Vito A. Costanzo (SBN 132754)
Theresa A. Middlebrook (SBN 89709)
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Attorneys for Huhtamaki Finance, B.V.,
Hershey Chocolate & Confectionery
Corporation and The Hershey Company

FILED
MAY 10 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUHTAMAKI FINANCE, B.V., a Netherlands corporation; HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, a Delaware corporation; and THE HERSHEY COMPANY, a Delaware corporation,

    Plaintiffs,

vs.

KENNETH DEAN AFFOLTER, an individual, dba BEYOND BOMB,

    Defendant.

CASE NO. C07-02514 RS

COMPLAINT FOR:
TRADEMARK INFRINGEMENT;
TRADEMARK DILUTION;
UNFAIR COMPETITION; AND
INJUNCTIVE RELIEF

Jury Trial Demanded

COMES NOW PLAINTIFFS HUHTAMAKI FINANCE, B.V., HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION and THE HERSHEY COMPANY, and complain against Defendant KENNETH AFFOLTER dba BEYOND BOMB as follows:

1

**JURISDICTION AND VENUE**

1. This action arises under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court's jurisdiction is invoked pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) in that this civil action arises under the laws of the United States, in particular the Lanham Act, 15 U.S.C. §§ 1114 and 1125. In the case of claims for relief arising under state law, this Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1338(b) and 1367 and the doctrine of supplemental jurisdiction in that these claims are substantial and related to the trademark claims and form part of the same case and controversy. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred within the District, and Defendant was and is subject to personal jurisdiction in the District at the time the action was commenced.

**THE PARTIES**

2. Plaintiff Huhtamaki Finance, B.V. (hereafter "Huhtamaki") is a corporation organized and existing under the laws of the Netherlands, with its principal place of business located in Hoofddorp, the Netherlands.

3. Plaintiff Hershey Chocolate & Confectionery Corporation (hereafter "Hershey C&C") is a Delaware corporation with its principal places of business located in Oakdale, California and Robinson, Illinois.

4. Plaintiff The Hershey Company (hereafter "Hershey Co.") is a Delaware corporation with its principal place of business located in Hershey, Pennsylvania.

5. Plaintiffs are informed and believe that Defendant Kenneth Affolter (hereafter "Defendant") is an individual formerly residing in, and doing business in, the City of Oakland, in the County of Alameda, California.

6. Plaintiff Huhtamaki, as owner, and Hershey C&C and Hershey Co., as licensee and sublicensee, respectively, are the source of a variety of goods offered under the mark JOLLY RANCHER, which goods include candy. The JOLLY RANCHER mark has been used in commerce by Plaintiffs, their licensees and their predecessors in interest, since at least as early as 1950. Attached hereto as Exhibit 1 and incorporated herein by reference are photographs of candy packages currently in use in the United States and bearing the mark JOLLY RANCHER. Plaintiff Hershey C&C, as owner, and Hershey Co., as licensee, respectively, are the source of a variety of goods offered under the mark REESE'S, which goods include candy. The REESE'S mark has been used in commerce by the Hershey plaintiffs, and their predecessors in interest, since at least as early as 1919. Attached hereto as Exhibit 2 and incorporated herein by reference are photographs of candy packages currently in use in the United States and bearing the mark REESE'S. The marks JOLLY RANCHER and REESE'S are referred to hereafter jointly as "Plaintiff Marks."

7. Plaintiffs and their predecessors in interest have continuously used the mark JOLLY RANCHER in commerce throughout the various states of the United States since the 1950s. The Hershey plaintiffs and their predecessors in interest have continuously used the mark REESE'S in commerce throughout the various states of the United States since at least as early as 1919.

8. The JOLLY RANCHER mark is the subject of U.S. Trademark Office Registration No. 1,684,586, issued on April 28, 1992, and other registrations. Said registration is now incontestable pursuant to the provisions of Section 15 of the Trademark Act (as amended), as of April 28, 1997, and was renewed as of February 12, 2002 for an additional ten year term. A true and correct copy of the registration is attached hereto as Exhibit 3. The REESE'S mark is the subject of U.S. Trademark Registration No., 925,609, issued on December 14, 1971, and other registrations. Said registration is now incontestable pursuant to the

3

provisions of Section 15 of the Trademark Act (as amended), as of December 14, 1976, and was renewed for the second time as of May 8, 2001, for an additional ten year term. A true and correct copy of that registration is attached hereto as Exhibit 4.

9. Plaintiff Marks have each become famous under Section 1125(c) of the Lanham Act by reason of the high degree of inherent distinctiveness of their arbitrary and fanciful nature, their continuous use for many years throughout the entire United States, their continuous promotions for many years, and their distribution in broad channels of trade throughout the United States, including but not limit to through grocery stores, drug stores, candy shops, big box stores, as well as adjacent to the checkout counter at a myriad of other types of stores. Plaintiff Marks have both become, through widespread and favorable public acceptance and recognition, distinctive marks and assets of substantial value to their respective owners and licensees as a symbol of the respective goods. Vintage items bearing each of Plaintiff Marks have become collectors' items. Plaintiffs have developed distinctive and unique trade dress for REESE'S products, consisting of orange, brown and yellow packaging in a flat package which holds two candy "cups" (hereafter "REESE'S Trade Dress"). Plaintiffs have developed distinctive and unique trade dress for JOLLY RANCHER products, consisting of white letters in a unique font, placed over an oval with a shade line to the bottom left (hereafter "JR Trade Dress"). Such Trade Dress has additionally become readily recognizable by consumers and secondary meaning has been developed in such Trade Dress to the benefit of Plaintiffs.

10. Plaintiffs, their licensees and predecessors in interest, have expended money, time and effort in the advertising and promotion of their products offered under and in connection with Plaintiff Marks throughout the United States. By virtue of such efforts, Plaintiff Marks have become associated in the minds of the

general public with Plaintiff's, and an extensive and valuable goodwill has been built up in Plaintiff Marks.

11.     By reason of Plaintiffs', their licensees' and their predecessors' use and sales of goods utilizing Plaintiff Marks and the public acceptance and awareness of Plaintiff Marks in connection with their respective goods, Plaintiff Marks have acquired a distinctiveness and secondary meaning signifying Plaintiffs and Plaintiffs' goods.

12.     Defendant Affolter doing business as Beyond Bomb, notwithstanding Plaintiffs' well known rights, recently began using the marks STONEY RANCHERS and RASTA REESE'S ("Defendant Marks") in a style and manner confusingly similar to Plaintiff Marks, utilizing imitations, respectively, of the JR Trade Dress and REESE's Trade Dress, in connection with candies containing marijuana ("Defendant's Goods").

13.     Plaintiffs' rights in and to the JOLLY RANCHER and REESE'S marks are superior to Defendant's rights in Defendant Marks by virtue of Plaintiffs' prior use, exclusive licensed rights, and the fact of federal registration of Plaintiff Marks.

14.     Due to Plaintiffs', their licensees' and their predecessors' long and substantial use of Plaintiff Marks, on information and belief, Plaintiffs allege that Defendant has long known of Plaintiffs' use and rights in Plaintiff Marks and in Plaintiff's Trade Dress. Defendant has been on actual and constructive notice of the prior rights of Plaintiffs in and to Plaintiff Marks and Plaintiff's Trade Dress.

15.     Defendant Marks are confusingly similar to Plaintiff Marks in terms of appearance, sound, and meaning. The packaging for Defendants Goods is confusingly similar to the respective Plaintiff's Trade Dress.

16.     Defendant's Goods, specifically candies containing marijuana, are distributed by Defendant and purchased by Defendant's customers in the State of California under the position and/or belief that California Proposition 215, the

1  Compassionate Use Act passed by California voters in 1996, legalized the sale of
2  marijuana to seriously ill Californians, provided they obtain a doctor's
3  recommendation. Since such passage, a new industry consisting of creation and
4  sale of "medical marijuana" in various forms has arisen in California, which is sold
5  at various store locations. Defendant's Goods are likely to be encountered by some
6  of the same purchasers and consumers of Plaintiff's Goods under circumstances
7  that are likely to give rise to the mistaken belief that the Plaintiffs' Goods and the
8  Defendants' Goods come from a common source or are sponsored or endorsed by,
9  or affiliated with, a single company, and, further, that Plaintiffs have taken a stand,
10 are supporters of, or play a roll in, the current public policy debate relating to
11 legalizing marijuana use for the ill.

## FIRST CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT
## VIOLATION OF LANHAM ACT § 32(1)(a), 15 U.S.C. § 1114(1)(a)

15  17.  Plaintiffs reallege and incorporate herein by reference the allegations
16 made in paragraphs 1 through 16 above, as if set forth in their entirety herein.
17  18.  Notwithstanding Plaintiffs' well-known and prior common-law and
18 statutory rights in Plaintiff Marks, specifically, JOLLY RANCHER and REESE'S,
19 Defendant adopted and used the substantially identical and confusingly similar
20 names and/or designations, specifically, STONEY RANCHERS and RASTA
21 REESE'S. Although Defendant is not affiliated in any way with Plaintiffs, and
22 Defendant's Goods are not authorized, endorsed, licensed or sponsored by
23 Plaintiffs, or any of them, Defendant has prominently featured the STONEY
24 RANCHERS and RASTA REEFERS names in packaging, marketing and
25 distributing Defendant's Goods. A true and correct copy of an exemplar of
26 Defendant's use of the STONEY RANCHERS and RASTA REEFERS marks
27 ("Defendant Marks") is attached hereto as Exhibit 5. Such marketing and
28 distribution of goods bearing Defendant Marks constitutes trademark infringement.

19. Defendant has infringed and, on information and belief, continues to infringe upon the rights of Plaintiffs by marketing, advertising and distributing Defendant's Goods using the designations STONEY RANCHERS and RASTA REESE'S in confusingly similar Trade Dress and in a manner that is confusingly similar to Plaintiff Marks.

20. Plaintiffs are informed and believe and based thereon allege that Defendant has had actual and constructive notice of Plaintiffs' rights in Plaintiff Marks since prior to Defendant's adoption of Defendant's Marks.

21. On information and belief, Plaintiffs allege that the use of the substantially identical and confusingly similar STONEY RANCHERS and RASTA REESE'S designations by Defendant is likely to cause confusion, mistake and/or deception of consumers and the general public, including purchasers and prospective purchasers, between the goods respectively offered by Plaintiff and Defendant. Defendant's actions are likely to continue to confuse and deceive the general public, purchasers and prospective purchasers to believe that Defendant's Goods are in some way backed, sponsored, licensed, authorized, approved or franchised by, or associated or otherwise connected with, Plaintiffs. Such confusion is causing and, unless enjoined by this Court, will continue to cause Plaintiffs immediate and irreparable injury and damage, and a loss of profits, in an amount presently unknown, but believed to exceed $100,000, exclusive of interest and costs. In addition, Defendant has wrongly profited from his actions and should account to Plaintiffs for such profits.

22. Defendant has intentionally used trademarks and trade dress substantially similar to Plaintiffs trade dress with the intent and result of causing confusion, mistake and deception among the consuming public and advertisers as to the source and quality of Defendant's Goods. Defendant's acts of trademark infringement have been committed willfully with the knowledge that such acts

infringed Plaintiff's rights and with the intent to cause confusion and mistake and to deceive the consuming public.

23. There is a danger that Defendant will continue to distribute goods bearing a mark and name that is confusingly similar to Plaintiffs' MARKS.

24. Plaintiffs have no adequate remedy at law unless Defendant's conduct is enjoined by this Court.

## SECOND CLAIM FOR RELIEF
## FOR TRADEMARK DILUTION
## VIOLATION OF LANHAM ACT § 43(c), 15 U.S.C. § 1125(c)

25. Plaintiffs reallege and incorporate herein by reference the allegations made in paragraphs 1 through 24 above, as if set forth in their entirety herein.

26. This claim for relief arises under the Lanham Act, for dilution of the distinctive quality of Plaintiff Marks in violation of 15 U.S.C. 1125(c).

27. Plaintiff Marks have been widely used and extensively advertised in the United States and, therefore, Plaintiff Marks have become well known and famous as distinctive symbols of Plaintiffs' goodwill. Defendant's adoption and use of the substantially identical and confusingly similar designations STONEY RANCHERS and RASTA REESE'S, which occurred after Plaintiffs' Marks became famous, is likely to cause and is causing great injury to Plaintiffs' business reputation and is resulting in dilution of the distinctive qualities of Plaintiffs Marks. Likelihood of confusion, dilution, and deception is enhanced by the fact that the words RANCHER and REESE'S are the dominant feature of Defendant's marks and easily confused with Plaintiff Marks.

28. Defendant's acts of dilution have been committed willfully and with knowledge that said acts infringed upon Plaintiffs' rights and with the intent to trade on Plaintiffs' reputation, to dilute Plaintiff Marks, and to cause injury to Plaintiffs' business and reputation.

29. Defendant threatens to continue the conduct complained of herein and unless enjoined will continue such conduct all to Plaintiffs' irreparable damage. Defendant's conduct will deprive Plaintiffs of the ability to protect their reputations, persona, and goodwill, and will tarnish the goodwill symbolized by Plaintiffs Marks. Customers who encounter Defendant's Goods will attribute the avocation of usage of marijuana and other illegal acts to Plaintiffs, and this will tarnish Plaintiffs' reputation and goodwill. Plaintiffs have no adequate remedy at law and are suffering irreparable harm as a result of the conduct complained of herein. Plaintiffs have also incurred damages and are continuing to incur damages and a loss of profits in an amount not yet ascertained but believed to exceed $100,000. The exact amount of damages will be proven at trial. In addition, Defendant has wrongly profited from his actions and should account to Plaintiffs for such profits.

**THIRD CLAIM FOR RELIEF**
**FOR DILUTION IN VIOLATION**
**OF CALIFORNIA BUSINESS AND PROFESSIONS CODE**
**SECTION 14330**

30. Plaintiffs reallege and incorporate herein by reference the allegations made in paragraphs 1 through 29 above, as if set forth in their entirety herein.

31. This claim for relief arises under California Business & Professions Code § 14330 for dilution of the distinctive quality of Plaintiff Marks.

32. The acts of Defendant, unless enjoined and restrained, are likely to cause injury to the business reputation of Plaintiffs and to dilute the distinctive quality of Plaintiff Marks.

# FOURTH CLAIM FOR RELIEF
# FOR UNFAIR COMPETITION UNDER
# CALIFORNIA COMMON LAW AND
# BUSINESS & PROFESSIONS CODE SECTION 17200

33. Plaintiffs reallege and incorporate herein by reference the allegations made in paragraphs 1 through 32 above, as if set forth in their entirety herein.

34. This claim for relief arises under the California law of unfair competition, California Business & Professions Code § 17200, et seq., and California common law.

35. As described herein, Defendant has engaged in acts of unfair competition which injures the business, goodwill and contractual and business relationships of Plaintiffs.

36. The acts of Defendant have been committed with full knowledge of their impropriety and with the intent to injure the business of Plaintiffs. Said acts were accomplished by means of the deceptive use of a designation for Defendant's products substantially identical and confusingly similar to that used by Plaintiffs with respect to their goods.

37. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered damages in an amount not yet ascertained but believed to exceed $100,000, exclusive of interest and costs, and a loss of profits. The precise amount of said damages will be proven at trial. In addition, Defendant has wrongly profited from his actions and should account to Plaintiff for such profits.

38. At the time Defendant committed the acts alleged herein, Defendant was guilty of fraud, oppression, malice and willful and conscious disregard of the rights of Plaintiffs in that Defendant willfully adopted and used a substantially identical and confusingly similar mark. Defendant committed the aforementioned acts of unfair competition with a conscious disregard of the rights of Plaintiffs.

Plaintiffs have been injured and are entitled to an award of punitive and exemplary damages in an amount to be proven at trial.

39. Defendant's violations as alleged herein are continuing and unless restrained will cause irreparable injury to Plaintiffs' business and property for which Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF FOR
## INJUNCTIVE RELIEF

40. Plaintiffs reallege and incorporate herein by reference the allegations made in paragraphs 1 through 39 above, as if set forth in their entirety herein.

41. Plaintiffs have no adequate legal remedy for the conduct alleged above by Defendant and will suffer great and irreparable injury unless said acts by Defendant are enjoined and restrained. Defendant's trademark infringement and unfair competition will cause Plaintiffs to suffer great and irreparable injury in that, inter alia, Defendant's conduct will injure Plaintiffs' business and is likely to deceive consumers and the public, and will dilute Plaintiffs' mark. There is no way to ascertain the actual economic damages suffered, or that will be suffered, by Plaintiffs as a result of Defendant's continued conduct as described above.

42. Therefore, Plaintiffs are entitled to a preliminary injunction and permanent injunction enjoining Defendant from continuing to use the designations STONEY RANCHERS and RASTA REESE's in connection with Defendant's Goods, or to otherwise infringing any of Plaintiff's trademarks and trade dress in such a manner.

WHEREFORE, Plaintiffs respectfully pray that this Court:

1. Issue a preliminary injunction, enjoining and prohibiting Defendant KENNETH DEAL AFFOLTER, and his agents, servants, employees, officers, attorneys, successors and assigns from:

(a) Using the STONEY RANCHERS, or RASTA REESE'S trademarks or trade dress, or any mark or trade dress confusingly similar to JOLLY

11

RANCHER or REESE'S in connection with the description, marketing, promotion, advertising or sale of any goods whatsoever;

   (b) Infringing any of Plaintiffs' trademarks;

   (c) Diluting any of Plaintiffs' trademarks;

2. Order an award of damages in an amount to be determined at trial;

3. Order an award of treble damages as provided by Section 35(a) of the Lanham Act;

4. Order an award of attorneys' fees and costs as provided by Section 35(a) of the Lanham Act;

5. Order an award of prejudgment interest on all damages awarded;

6. Order an award of punitive and exemplary damages; and

7. For such other and further relief as the Court deems just and proper.

Date: May __, 2007     HOLLAND & KNIGHT LLP

           By: _____
           Vito A. Costanzo
           Attorneys for Plaintiffs Huhtamaki Finance, B.V., Hershey Chocolate & Confectionery Corporation and The Hershey Company

## REQUEST FOR A JURY TRIAL

Plaintiff hereby requests a jury trial on those causes of action triable to a jury.

Date: May 8, 2007

HOLLAND & KNIGHT LLP

By: _____
Vito A. Costanzo
Attorneys for Huhtamaki Finance, B.V., Hershey Chocolate & Confectionery Corporation and The Hershey Company

#4513572_v1