**E-Filed 03/17/08**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HUHTAMAKI FINANCE, B.V., a Netherlands corporation; HERSHEY CHOCOLATE & CONFECTIONARY, a Delaware corporation; and THE HERSHEY COMPANY, a Delaware corporation, | Case Number C 07-02514 JF (RS) |
| Plaintiffs, | ORDER[1] DEFERRING DECISION ON MOTION FOR ENTRY OF DEFAULT JUDGMENT AND SETTING BRIEFING SCHEDULE FOR MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS |
| v. | |
| KENNETH DEAN AFFOLTER, an individual, d/b/a BEYOND BOMB, | |
| Defendant. | |

Plaintiffs Huhtamaki Finance, B.V., a Netherlands corporation; Hershey Chocolate & Confectionary, a Delaware corporation; and The Hershey Company, a Delaware corporation (collectively, "Plaintiffs"),  move for entry of default judgment against Defendant Kenneth Dean Affolter, an individual doing business as "Beyond Bomb" ("Defendant").  Plaintiffs filed the

---

[1] This disposition is not designated for publication and may not be cited.

1   complaint in this action on May 10, 2007, alleging trademark infringement arising out of

2   Defendant's use of the names "Stoney Ranchers" and "Rasta Reese's" in a style and manner

3   confusingly similar to Plaintiffs' "Jolly Ranchers" and "Reese's" trademarks.  Defendant was

4   served on May 18, 2007.  The clerk entered default against Defendant on July 5, 2007.  On

5   January 11, 2008, Plaintiffs moved for entry of default judgment and mailed a copy of their

6   motion to Defendant. Plaintiffs are seeking $200,000 for Defendant's infringement of each

7   trademark. Plaintiffs' motion for default judgment is supported by the declarations of Lois

8   Duquette, senior counsel of Plaintiff The Hershey Company, and Plaintiff's litigation counsel.

9      On February 11, 2008, Defendant filed a letter in opposition to the motion, alleging that

10   Plaintiffs' claims lack specificity. In keeping with the liberal pleading standards for litigants

11   acting without the assistance of counsel, Defendant's letter will be treated as a motion to set

12   aside the default judgment and as a motion to dismiss.  *See, e.g., Becker v. Montgomery*, 28

13   U.S.C. 2107 (2001); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Agyeman v. INS*, 296 F.3d 871,

14   878 (9th Cir. 2002). Defendant seeks a continuance of the present action until he his released

15   from federal prison. Defendant's earliest release date is April 17, 2011.

16      Good cause therefore appearing, the Court will defer ruling on Plaintiffs' motion for entry

17   of default judgment. Defendant shall have thirty (30) days to file an appropriate motion to set

18   aside the default and a motion to dismiss Plaintiffs' complaint. Plaintiffs shall have thirty (30)

19   days from the filing date of Defendant's motions to file opposition to the motions, and Defendant

20   shall have thirty (30) days from the filing of Plaintiffs' opposition to file a reply. In light of

21   Defendant's incarceration, the Court will take the motions under submission and issue orders

22   without oral argument pursuant to Civil Local Rule 7-1(b).

23

24   IT IS SO ORDERED.

25   DATED: 03/17/08

26

27                JEREMY FOGEL
                United States District Judge

28

Case No. C 07-02514 JF
ORDER DEFERRING DECISION ON MOTION FOR ENTRY OF DEFAULT JUDGMENT
(JFEX1)

1

2  This Order has been served upon the following persons:

   vito.costanzo@hklaw.com

3

4  Notice will be delivered by other means to:

5  **Kenneth Dean Affolter**
   93480-111
6  FCI Lompoc
   3600 Guard Road
7  Lompoc, CA 93436-2705

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-02514 JF
ORDER DEFERRING DECISION ON MOTION FOR ENTRY OF DEFAULT JUDGMENT
(JFEX1)